# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius Washington, #196702, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 4:08-4052-PMD |
| v. ) | |
| ) | |
| Leroy Cartledge, ) | **ORDER** |
| ) | |
| Respondent. ) | |

This matter is before the court upon Petitioner Cornelius Washington's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that the court dismiss Petitioner's § 2254 on its merits. Petitioner is presently confined at McCormick Correctional Institution, after being convicted on a murder charge and given a life sentence. On appeal, both the South Carolina Court of Appeals and the South Carolina Supreme Court upheld Petitioner's conviction. Petitioner then filed an application for post-conviction relief, which asserted the same claims made before this court. Having reviewed the entire record, including Petitioner's petition, the court finds the that Petitioner has failed to exhaust the remedies available to him in the state courts, as his application for post-conviction relief was still pending in the Charleston County Court of Common Pleas at the time he filed his § 2254 petition. Therefore, the court does not adopt the R&R, but does dismiss Petitioner's petition.

## STANDARD FOR REVIEWING THE MAGISTRATE JUDGE'S R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## **ANALYSIS**

As discussed above, Petitioner has an application for post-conviction relief pending in state court. "In order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citing 28 U.S.C. § 2254 (b)-(c)). Section 2254(b) provides, in relevant part,

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State[.]

28 U.S.C. § 2254(b)(1). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." In *Matthews*, the court further instructed that "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." Id. at 910–11 (citations omitted).

Petitioner noted in his petition that his application for post-conviction relief, which alleges

essentially the same claims that he is now raising in his § 2254 petition before this court, was still pending in state court. (Petition at 4.) Although Respondent "concedes" that Petitioner has exhausted his state remedies because the South Carolina Court of Appeals and the South Carolina Supreme Court had an opportunity to address Petitioner's claims on direct appeal from his conviction, and although "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), the court believes the more prudent approach is to allow the state court process to complete itself. Since his PCR application was still pending in state court at the time the Magistrate Judge issued his R&R, Petitioner had a viable state court remedy which must be pursued before this matter is properly before this court. Petitioner simply cannot proceed with the instant petition until his application for post-conviction relief is ruled upon and a petition for a writ of certiorari is considered by the South Carolina Supreme Court. *See* 28 U.S.C. §2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). As such, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner finishes exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **CONCLUSION**

Based on the foregoing, the court **DISMISSES** Petitioner's § 2254 petition for a writ of habeas corpus *without prejudice*. Because this action is dismissed, the court finds all other outstanding motions **MOOT**. Petitioner can re-file his § 2254 petition with the court after he has exhausted his state court remedies, and the court reminds Petitioner to be mindful of the statute of limitations applicable to this action. *See* 28 U.S.C. § 2244(d). Finally, it is further **ORDERED** that a certificate of appealabiltiy is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 29, 2010**
**Charleston, SC**